## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

LUCILLE SCHMIDT,         )
                                   )
         Plaintiff,      )
                                   )
     v.               )     Case No. 12-1079-RDR
                                   )
THE PIONEER          )
TELEPHONE ASSOCIATION INC.,   )
*a Kansas Not for Profit Corporation*, *et al.*,  )
                                 )
        Defendants.     )

## ORDER

This matter comes before the court upon the parties' jointly proposed order e-mailed to the undersigned's chambers. The proposed order bears the title, "Order for Inspection and Reproduction of Medical and Employment Records and Protected Health Information Pursuant to State and Federal Law (HIPAA) and Notification of Waiver of Physician-Patient Privilege." Among other things, if adopted by the court, the proposed order would require numerous nonparties to make available for examination and reproduction medical records, medical bills, employment records, and worker's compensation records. These nonparties include, "All Hospitals, Clinics, Pharmacies, Physicians, Social Workers, Psychiatrists, Psychologists, Therapists, Governmental Agencies (State and Federal); Kansas Department of Labor, Worker's Compensation; All Other Medical Institutions, Practitioners, Health Care Providers; and All Employers Past and Present."

The proposed order would also allow counsel for the defendants to talk with plaintiff's treating physicians or other health care providers without the plaintiff of plaintiff's counsel being present, provided the health care providers consent to the interview. For the reasons outlined below, the undersigned magistrate judge generally will not compel nonparties to produce

documents absent service of a valid subpoena. But, in appropriate cases, the court will enter orders allowing for *ex parte* interviews of health care providers.

The proper procedure for obtaining documents from nonparties is to serve them with a subpoena pursuant to Fed. R. Civ. P. 45.[1] After the individual or entity served with the subpoena objects or fails to comply with the subpoena, the party seeking production "may move the issuing court for an order compelling production or inspection."[2] It is only then when this undersigned magistrate judge will consider ordering nonparties to produce documents. The court recognizes that informal discovery is often more efficient and also acknowledges that in the interest of efficiency, some magistrate judges in this district enter these types of stipulated orders. Respectfully, however, this is not the approach the undersigned takes. Nonparties have a right to have their objections, if any, heard by the court before being required to produce documents. The parties' proposed order would essentially allow them to bypass the procedures and protections afforded by Rule 45 and would result in producing parties being deprived of an opportunity to contest the document requests. Because of this, the undersigned declines to enter stipulated orders requiring nonparties to produce documents absent service of a valid subpoena.[3]

On the other hand, judges in this district, including the undersigned, routinely enter orders allowing—but not requiring—medical providers to engage in *ex parte* interviews with the

---

[1] *See Johnson v. Kraft Foods of N. Am., Inc.*, 236 F.R.D. 535, 540 (D. Kan. 2006) ("The appropriate procedure to compel non-parties to produce documents is to serve them with a subpoena as set forth in Rule 45 of the Federal Rules of Civil Procedure.").

[2] Fed. R. Civ. P. 45(c)(2)(B)(i).

[3] Nothing in this order prohibits or discourages other informal discovery procedures. For example, plaintiff is free to sign appropriate release forms allowing or directing these entities to release her records.

parties when a party has placed his or her medical condition at issue.[4] The reason for this is

because the Health Insurance Portability and Accountability Act of 1996 (HIPAA) "presents

certain considerations and constraints for covered entities cautious not to run afoul of the Act."[5]

As Magistrate Judge Gerald L. Rushfelt stated,

> [Opinions from this district allowing *ex parte* interviews] reason that to allow reason that to allow *ex parte* communications with fact witnesses, such as treating physicians, creates a just result by allowing both parties equal, unfettered access to fact witnesses. To prohibit *ex parte* communications would allow one party unrestricted access to fact witnesses, while requiring the other party to use formal discovery that could be expensive, timely, and unnecessary. Witnesses, of course, may refuse to communicate *ex parte* and thus require the parties to resort to formal discovery procedures. Less expensive informal discovery, nevertheless, should be encouraged. For these reasons a court may allow defendants access to the medical records and treating physicians of a plaintiff who has placed his or her physical or mental condition in issue.[6]

While the court, under appropriate circumstances, will enter orders authorizing *ex parte*

interviews with health care providers, the parties submitting these orders should be mindful of

additional considerations concerning disclosure of a party's HIV or AIDS status and the

heightened showing required for a court order allowing disclosure of drug, alcohol, and mental

health records.[7] Quite simply, there is a strong presumption against disclosure of this

information.[8] Unless the parties make the appropriate showing and explain how this information

---

[4] *See, e.g., Lowen v. Via Christi Hosps. Wichita, Inc.*, No. 10-1201-RDR, 2010 WL 4739431, at *1 n.2 (D. Kan. Nov. 16, 2010) (citing cases).

[5] *Id.* at *2.

[6] *Pratt v. Petelin*, No. 09-2252-CM-GLR, 2010 WL 446474, at *7 (D. Kan. Feb. 4, 2010) (internal citations omitted).

[7] *See id.* at *5 (discussing the procedures and criteria for orders authorizing disclosure of this information).

[8] *Id.* at *6 (citing *Bohannon v. J.M. Baker, D.O.*, No. 06-1033-MLB, 2006 WL 2927521, at *3 (D. Kan. Oct. 12, 2006) and *McCloud v. The Bd. of Dirs. of Geary Cnty. Cmty. Hosp.*, No. 06-1002-MLB, 2006 WL 2375614, at *4 (D. Kan. Aug. 16, 2006)).

is relevant, the court will not enter orders authorizing the release of this information. The parties are granted leave to submit a revised proposed order that complies with the guidance set out in this order.

Accordingly,

**IT IS SO ORDERED.**

Dated this 26th day of July, 2012, at Topeka, Kansas.


s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge